**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3586-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAYSON MARQUEZ,

     Defendant-Appellant.

_____

Submitted January 28, 2025 – Decided February 11, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-07-1604.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jayson Marquez appeals from a June 14, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues that both his trial and appellate counsel provided ineffective assistance and he was entitled to an evidentiary hearing on his petition. We affirm.

I.

We previously discussed the underlying facts and procedural history of defendant's matter when we affirmed his convictions following a jury trial for first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and/or N.J.S.A. 2C:11-3(a)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(l); third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); fourth-degree aggravated assault with a firearm, N.J.S.A. 2C:12-1(b)(4); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1); and second-degree unlawful possession of a weapon by certain persons, N.J.S.A. 2C:39-7(b)(1). State v. Marquez, No. A-4176-18 (App. Div. Apr. 5, 2021). We detail only the facts necessary to address defendant's arguments on this appeal.

A-3586-22

On the evening of April 13, 2018, a group of people, including Kenyetta Savior, were hanging out in front of an apartment complex in Camden. Kenyetta's[1] sister, Shayla Savior, Crystal Sheppard, and Shaniece Willams were present. Sheppard and Williams both resided at the apartment complex.

Defendant arrived to visit Iris Irizarry, the mother of two of his children, who also lived at the apartment complex. An argument ensued between defendant and Kenyetta. Shayla physically restrained Kenyetta from fighting with defendant. During the argument, defendant pulled out a gun and fired several shots, three of which struck Kenyetta in the head, shoulder, and back. Defendant fled to Tennessee and was later arrested and extradited to New Jersey to stand trial.

Kenyetta survived his bullet wounds but did not recall anything about the shooting, except it was "about an argument." Shayla gave a recorded statement to the police and identified defendant in a photo array. Shayla, Sheppard, and Williams were eyewitnesses and described what happened at trial. Sheppard testified she knew defendant as "Papi," and he lived next door to her, with

---

[1] Individuals who share a last name with other parties are referred to by their first names for the ease of reference. By doing so we intend no disrespect.

Irizzary.  Sheppard testified she knows "his face" and identified defendant in a photograph.

Irizarry refused to testify in accordance with a previously recorded statement she gave to police and told the jury she did not want to be there because the case did not pertain to her.  Following a Gross[2] hearing, the court allowed the State to play Irizarry's recorded statement for the jury in which she told Detective Tyler Hagan that defendant drove away in a white car minutes after the shooting.  At sentencing, defendant received an aggregate extended term of twenty-six years' imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and five years' parole supervision upon release.

Defendant filed a timely PCR petition, which was later supplemented by assigned counsel raising various claims of ineffective assistance of counsel at the trial and appellate levels.  In his petition, defendant asserted trial counsel was ineffective by:  (1) failing to object to Shayla's and Dr. Kenneth Don Wu's[3] testimony, which was cumulative, unduly prejudicial, and outweighed by any

---

[2]  A Gross hearing is an N.J.R.E. 104 hearing conducted by the court to determine the admissibility of a prior inconsistent statement by assessing whether the statement is reliable.  State v. Gross, 121 N.J. 1 (1990).

[3]  Dr. Wu is a physical medicine and rehabilitation healthcare provider who rendered treatment to Kenyetta.

probative value under N.J.R.E. 403; (2) failing to object to the State's prejudicial comments made during summation; and (3) failing to move for a directed verdict at the close of the State's case. Defendant also argued his appellate counsel[4] was ineffective for not raising the issue regarding the State's comments as plain error on direct appeal and not filing a petition for certification to the New Jersey Supreme Court.

Following oral argument, the PCR judge—who was also the trial and sentencing judge—rejected each of defendant's claims in a comprehensive and well-reasoned oral opinion. In his decision, the PCR judge reviewed the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie case of ineffective assistance of trial and appellate counsel.

The PCR judge found trial counsel's lack of objection to Shayla's testimony was not deficient because Shayla did not say anything that was inflammatory, and her testimony was probative and materially relevant. The PCR judge determined trial counsel's failure to object to Dr. Wu's testimony— which addressed Kenyetta's injuries and rehabilitation—was appropriate

---

[4] According to the record, the same attorney represented defendant at the trial and appellate levels.

A-3586-22

because defendant could not disprove the severity of the victim's injuries due to the gunshots, which were inherently inflammatory and susceptible to having an emotional impact on the jury. The PCR judge noted defendant's trial counsel's questions focused on the "theme" of "misidentification." The PCR judge rejected defendant's claim that trial counsel was ineffective for not moving for a directed verdict, which the judge found would not have been granted in light of the strength of the State's proofs.

In addition, the PCR judge found appellate counsel was not ineffective for failing to advise defendant of his right to file a petition for certification finding defendant had been informed by appellate counsel of his right to file a petition and the fee involved. The PCR judge also determined defendant was not entitled to an evidentiary hearing.

This appeal followed. Defendant raises the following points for our consideration:

> POINT I
>
> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FAILURE OF TRIAL COUNSEL TO OBJECT TO HIGHLY PREJUDICIAL EVIDENCE THAT HAD NO PROBATIVE VALUE.

6

POINT II

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE STATE'S COMMENTS IN HER CLOSING ARGUMENT, AND THE FAILURE OF APPELLATE COUNSEL TO RAISE THE ISSUE ON DIRECT APPEAL.

POINT III

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN APPELLATE COUNSEL FAILED TO ADVISE HIM OF HIS RIGHT TO PETITION THE NEW JERSEY SUPREME COURT.

II.

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." Ibid. (quoting Marshall, 148 N.J. at 158) (citations omitted).

"[W]here no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). We also review de novo the legal conclusions of the PCR judge. Harris, 181 N.J. at 415-16.

Simply raising a PCR claim does not entitle a defendant to an evidentiary hearing as a defendant "must do more than make bald assertions that [they were] denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and decide on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354-55 (2013).

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). As noted, to establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the particular manner in

which counsel's performance was deficient, but also that the deficiency prejudiced their right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. As such, "[j]udicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689.

Under the "'second, and far more difficult prong,'" of the Strickland test, State v. Gideon, 244 N.J. 538, 550 (2021) (citing Preciose, 129 N.J. at 463), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-

51 (alteration in original) (quoting <u>Strickland</u>, 466 U.S. at 694). This test extends to appellate counsel as well. <u>State v. Loftin</u>, 191 N.J. 172, 197-98 (2007).

Against this well-settled legal backdrop, we have considered and reject defendant's claims after our de novo review and affording the favorable inferences to which he is entitled. We also conclude the PCR judge did not abuse his discretion in denying an evidentiary hearing.

III.

<u>Trial Counsel's Failure To Object To Shayla's And Dr. Wu's Testimony</u>

First, as to the claim that defense counsel failed to object to Shayla's and Dr. Wu's testimony under N.J.R.E. 403, we concur with the PCR judge's observation that it was an "identity" case and there was no "disagreement or any inflammatory statements to the jury concerning the severity" of Kenyetta's injuries.

Shayla testified about her relationship with Kenyetta, defendant shooting Kenyetta during a heated argument, and his life after the shooting. Shayla explained that Kenyetta is "like a child now that I have to take care of and I have five of my own, so that's a lot of responsibility on me." The PCR judge reasoned Shayla's testimony "was very much a visual observation of a young African

American man who had suffered a brain injury based on a gunshot . . . found to be done by [defendant]."  The PCR judge found Shayla's testimony was not "inflammatory."

Dr. Wu described Kenyetta's injuries and condition when he was admitted to Kessler Institute for Rehabilitation, his treatment, and prognosis.  Since his discharge, Dr. Wu testified Kenyetta can follow commands and act appropriately but still required supervision, occasional verbal cues, and has to be reminded about certain things.

The PCR judge emphasized again this was an "identity case" and defense counsel only asked Dr. Wu one question on cross-examination:  "do you know who shot [Kenyetta?]" and Dr. Wu answered in the negative.  We concur with the PCR judge's finding that defense counsel was not ineffective for not probing Dr. Wu further and not objecting to his testimony because that was counsel's "trial strategy."  Moreover, Dr. Wu's testimony was not objectionable or unduly inflammatory since Kenyatta's injuries were clearly "severe," as observed by the PCR judge.

Under N.J.R.E. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the risk of:  (a) [u]ndue prejudice, confusion of issues, or misleading the jury; or (b) [u]ndue delay, waste of time,

11

or needless presentation of cumulative evidence. In short, we reject defendant's argument that trial counsel was ineffective for not objecting to Shayla's and Dr. Wu's testimony. Their testimony was relevant to establish an element of attempted murder and aggravated assault. Therefore, defendant did not establish the first Strickland/Fritz prong.

Moreover, defendant has not established prejudice under the second Strickland/Fritz prong. Indeed, the second prong "is an exacting standard," State v. Allegro, 193 N.J. 352, 367 (2008), and "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached," Ibid. (alteration in original) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). No such showing has been made here.

### Trial Counsel's Failure to Object To The State's Comments During Closing Arguments

We are also unconvinced trial counsel was ineffective for failing to object to the following comments made by the prosecutor during closing arguments:

> So yesterday [Kenyetta] sat here and he testified. We all looked at him, we all observed him. In fact, we couldn't take our eyes off of him. We watched his movements. We watched how he answered my questions. He was delayed. He was unaware. It took him several moments to answer some of the most simplest questions that I asked him.

12

Now, think about you got dressed this morning. It took him several painful seconds when we watched him remove his shirt so he could show you his scars and then put it back on. He had to relearn how to dress himself. He had to relearn how to undress himself. He had to relearn how to bathe himself. When I asked him if he could tie his shoes, he said he still struggles with that. I asked him if he can cut his own food and he said [—] he struggled to answer the question. The devastation that we witnessed yesterday resulted from this defendant unloading his gun on him. . . .

Defendant avers that the prosecutor's comments swayed the jury to render a guilty verdict based on sympathy for Kenyetta. First, it is well-settled, consistent with the court's instructions, which we assume the jurors heeded, that counsel's comments were not evidence. See Model Jury Charges (Criminal), "Instruction After Jury is Sworn" (rev. Sept. 1, 2022) (explaining attorney's closing arguments are "not evidence but their recollection as to the evidence".)

Second, the prosecutor's remarks were within the bounds of proper advocacy and did not misstate the evidence. Instead, the prosecutor accurately summarized Kenyetta's testimony and reminded the jury about the difficulties he continues to suffer from as a result of his injuries.

"[P]rosecutors in criminal cases are expected to make vigorous and forceful closing arguments to juries." State v. Frost, 158 N.J. 76, 82 (1999) (citing State v. Harris, 141 N.J. 525, 559 (1995)). Consequently, prosecutors

are "afforded considerable leeway in closing arguments as long as their comments are reasonably related to the scope of the evidence presented." Ibid. Prosecutors "may comment on facts in the record and draw reasonable inferences from them." State v. Lazo, 209 N.J. 9, 29 (2012) (citing State v. Smith, 167 N.J. 158, 178 (2001)). Nevertheless, "prosecutors should not make inaccurate legal or factual assertions during a trial[.]" State v. Reddish, 181 N.J. 553, 641 (2004) (quoting Smith, 167 N.J. at 178).

In reviewing prosecutors' comments, appellate courts "consider the 'fair import' of the State's summation in its entirety." State v. Jackson, 211 N.J. 394, 409 (2012) (quoting State v. Wakefield, 190 N.J. 397, 457 (2007)). To warrant reversal, "the misconduct must have been 'so egregious that it deprived the defendant of a fair trial.'" Smith, 167 N.J. at 181 (quoting Frost, 158 N.J. at 83) (citations omitted). And, where there is no objection to a prosecutor's remarks or comments, "it is a sign 'that defense counsel did not believe the remarks were prejudicial' when they were made." State v. Pressley, 232 N.J. 587, 594 (2018) (quoting State v. Echols, 199 N.J. 344, 360 (2009)).

During his testimony, Kenyetta removed his sweater and undershirt to show the jury his scars and injuries from the shooting. Trial counsel did not object. The PCR judge found the prosecutor "confined her comments to the

facts revealed during the trial" and noted Kenyetta's injuries were "shocking to the jury and could have had an emotional effect." The PCR judge concluded trial counsel's failure to object did not meet the Strickland/Fritz standard. We agree.

As stated, testimony and evidence pertaining to Kenyetta's injuries were relevant to establish elements of the attempted murder and aggravated assault charges. We also observe defendant did not refute Kenyetta's injuries were causally related to the shooting. Any claim that objecting to the prosecutor's comments would have changed the result is conjecture. Thus, defendant failed to satisfy both Strickland/Fritz prongs.

IV.

Finally, defendant maintains his appellate counsel was ineffective for failing to advise him of his right to file a petition to the New Jersey Supreme Court after we affirmed his conviction and sentence on direct appeal. Defendant contends he should not be prevented from "exhausting his state remedies" because of appellate counsel's error.

We note the Strickland/Fritz standard applies to claims of ineffective assistance of appellate counsel. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007). Appellate counsel is not required to raise every possible issue and

need only raise issues that have a reasonable probability of success. Id. at 515-16.

Here, the PCR judge relied on counsel's representation that defendant was advised by "letter" that the fee was $7,500.00 to "go further." Defendant has not offered any support for his claim that he was not advised by appellate counsel about his right to file a petition for certification, which undermines defendant's argument. Based upon our de novo review, we are satisfied appellate counsel was not ineffective for failing to advise defendant of his right to file a petition for certification because contrary to defendant's contention, he was given notice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3586-22